UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOSEPH KOERNER and FRANK ZACHMAN, ) | |
| ) | Case No. 12-cv-01091-JBM-JAG |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | The Honorable Joe B. McDade |
| JOHN L. COPENHAVER, CANDICE M. ROGERS, ) | |
| FREDERICK C. HARDMAN, W. RONALD DIETZ, ) | The Honorable Magistrate Byron |
| ESTATE OF ROBERT EDDY, Deceased, ) | Cudmore |
| ALLAN W. DEVINE, DALE S. STRASSHEIM, ) | |
| COPENHAVER, INC., d/b/a W.M. PUTNAM ) | |
| COMPANY, and LYNETTE EDDY, ) | |
| ) | |
| Defendants. ) | |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE STAY

Plaintiffs Joseph Koerner and Frank Zachman, by and through undersigned counsel, submit this Reply Memorandum in support of their Motion to Modify the Stay. By their Motion, Plaintiffs ask the Court to allow their claims against the non-debtor defendants to proceed, consistent with the well-established rule that the protection of the automatic bankruptcy stay, 11 U.S.C. § 362(a) generally extends to debtors alone.

The Defendants offer two objections. First, Defendants contend that this Court lacks jurisdiction to grant the requested relief. Defendants' argument in this regard lacks merit and, in fact, is contrary to the very case precedent upon which they rely. Second, Defendants assert that the protection of the bankruptcy stay should be extended to the non-debtors because – even though such relief is disfavored and rarely granted – this action might somehow implicate the debtor's property or its reorganization efforts. This contention likewise lacks any merit. The automatic bankruptcy stay may only be extended to non-debtor defendants in the presence of

1

exceptional circumstances and where such relief is necessary to the debtor's reorganization efforts. Such unique and exceptional circumstances are completely lacking here.

**I.  This Court Has Jurisdiction To Determine Whether The Action Is Subject To The Automatic Bankruptcy Stay Provided In 11 U.S.C. § 362(a)**

Defendants suggest that a motion seeking to modify the stay must be directed to "the Bankruptcy Court in which the Debtor's case is pending." Defendants' Opposition at 1. Defendants' assertion is misguided and contrary to applicable law.

First, to the extent that Plaintiff's Motion seeks to "modify the stay," it seeks to modify the stay order entered by this Court on October 29, 2013, not the Order of the Bankruptcy Court. This Court may plainly modify its own order staying this action. Second, to the extent that Plaintiff's Motion seeks a determination that the automatic bankruptcy stay does not apply to certain defendants and claims in this action, such a determination is unquestionably within this Court's jurisdiction. The authority cited by Defendants explains that "the issue of the applicability of the automatic stay to the litigation in question is within the competence of both courts—the court in which the litigation is pending … and the bankruptcy court supervising the reorganization." *In re Chateaugay Corp., Reomar, Inc.*, 93 B.R. 26, 30 (S.D.N.Y. 1988) (internal citations omitted). *See also Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 973 (N.D. Ill. 1992) ("it is settled that both the bankruptcy court and the court in which the other litigation exists may construe the automatic stay"); *Holland v. High Power Energy*, 248 B.R. 53, 56-57 (S.D. W.Va. 2000) ("the district court retains jurisdiction independent of the bankruptcy court to determine whether a pending civil action is subject to the automatic stay.").

The Defendants' contention that the present motion to modify the stay has been filed in the "wrong forum" is misguided, as it conflates the automatic bankruptcy stay protecting the Debtor

2

in the United States Bankruptcy Court with the order entered by this Court on October 29, 2013,[1] relating to the applicability of the stay to non-debtors. In short, Plaintiffs ask this Court to modify the stay order *it actually entered*, on the basis that the automatic bankruptcy stay of 11 U.S.C. §362(a) does not apply to the claims against the non-debtor codefendants.

## II. This Case Presents No Special Circumstances Warranting The Extension Of The 11 U.S.C. § 362(a) Bankruptcy Stay To The Non-Debtor Defendants

The well-established rule is that the protection of the automatic bankruptcy stay, 11 U.S.C. § 362(a) extends "only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants." *Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) (per curium). As set forth in Plaintiffs' opening memorandum, the Seventh Circuit recognizes that the stay may be extended to non-debtors in two situations: (1) "where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or a finding against the debtor…" and (2) "where the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan 'irreparable harm.'" *In re Fernstrom Storage & Van Co*., 938 F.2d 731, 735 (7th Cir. 1991) (citations omitted). It is the debtor's burden to establish that the stay should be extended to any non-debtor parties. *In re Lennington*, 286 B.R. 672, 675 (Bankr. C.D. Ill. 2001).

Seeking to obtain the protection of the automatic bankruptcy stay, Defendants virtually ignore Seventh Circuit law and instead rely on a Fourth Circuit case, *A.H. Robins v. Piccinin*,

---

[1] Defendants' statement that "Plaintiffs acknowledge that the stay applies to this case" is puzzling: The thrust of Plaintiff's Memorandum in support of this motion was that the bankruptcy stay was inapplicable. Defendants' assertion that "the Court has previously recognized" that the bankruptcy stay applied to this action is equally baffling. The Court's order of October 29, 2013 was entered pursuant to the Local Rules and in no way constituted a determination that the automatic bankruptcy stay applied to the claims against the non-debtor defendants in this action.

3

788 F.2d 994, 999 (4th Cir. 1986). In *Robins*, the Fourth Circuit explained that there were four possible grounds upon which the actions against the non-debtors might be stayed. It appears that Defendants believe that two of these grounds are of possible relevance here, those arising under 11 U.S.C. § 362(a)(1) and (3). These two grounds are also similar to those recognized by the Seventh Circuit in *In re Fernstrom Storage & Van Co.*, 938 F.2d at 735, discussed above. As we will explain in greater detail below, however, neither of these grounds is applicable here.

The present case, moreover, bears no resemblance to the unique facts in *Robins*. As we will explain below, courts have repeatedly emphasized that the protection of the bankruptcy stay may be extended to non-debtors only in exceptional circumstances, where such relief is essential to a debtor's reorganization efforts. Exceptional circumstances, such as were presented in *Robins*, are tellingly absent here. In sum, Defendants have failed to meet their burden to obtain extension of the stay to the non-debtor parties.

### a. No Exception Is Applicable Here

#### i. There Is No Identity Of Interest Between The Debtor And Non-Debtor Defendants Such That 11 U.S.C. § 362(a)(1) Is Applicable

As explained in Plaintiff's opening memorandum and *supra*, 11 U.S.C. § 362(a)(1) applies to stay actions against a debtor alone. Subsection 362(a)(1) does not operate to stay actions against non-debtors, even if they are in a similar factual nexus with a debtor. The Seventh Circuit has explained, however, that there may be a limited exception to this general rule: where there is a close "identity" between the debtor and the non-debtor, the stay may be extended to the non-debtor party. *See In re Fernstrom Storage & Van Co.*, 938 F.2d at 735. In the *Robins* case, the Fourth Circuit likewise explained that, in "unusual circumstances," proceedings against non-bankrupt co-defendants may be stayed pursuant to 362(a)(1). "This 'unusual situation,' it would seem, arises when there is such identity between the debtor and the

4

third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." 788 F.2d at 999.

Defendants appear to assert that this "identity of interests" rule under Section 362(a)(1) of the Bankruptcy Code is applicable here.  *See* Defendants' Opposition Memorandum at 2.  Defendants' argument, however, is poorly explained and, aside from flimsy assertions, utterly lacking in factual support.

In fact, it is beyond reasonable dispute that there is no identity of interest between the debtor and non-debtor defendants here such as would render a judgment against the non-debtor a *de facto* judgment against the debtor.  The "identity of interest" exception is not applicable where the liability of the non-debtor defendants is independent of the debtor's liability.  *Robins* described that "where the debtor and another are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty … the automatic stay would clearly not extend to such [a] non debtor."  788 F.2d at 999 (internal quotation marks omitted), *citing In Re Metal Center*, 31 B.R. 458 (D.Conn. Bankr. 1983).  The Ninth Circuit has explained, moreover, that the *Robins* "unusual circumstances" exception does not apply where the third party codefendant's liability is "independent and primary, not derivative of those of the debtor."  *In re Lockyard*, 884 F.2d 1171, 1179 (9th Cir. 1989).  *See also In re Crazy Eddie Sec. Litig.,* 104 B.R. 582, 584 (E.D.N.Y. 1989).

In this case, the claims against the non-debtor defendants are for their independent breaches of fiduciary duty in their capacity as ERISA fiduciaries in violation of ERISA § 404 and for causing the ESOP to engage in a non-exempt prohibited transaction in violation of ERISA §§ 406 and 408.  The Debtor corporation was neither an ERISA fiduciary nor a party to

the wrongful transaction.[2] These claims are in no way "derivative" of the debtor's liability. In fact, the debtor – the company – is not named on any of the claims against the individual fiduciaries and directors arising under ERISA §§ 404 and 406. The debtor is named as to only one claim – for retaliatory termination – and that claim is plainly factually and legally distinct from the remainder of the causes of action and subject to the bankruptcy stay.

>  ii.   Coverage Of the Non-Debtor Defendants Under An Insurance Policy Owned by The Debtor Does Not Provide A Basis for Extending the Stay Here

Defendants also argue that, because the debtor has an insurance policy under which the non-debtor defendants are named as additional insureds, extension of the stay is appropriate. Defendants point to 11 U.S.C. § 362 (a)(3), which stays actions, whether against a debtor or third parties, to obtain possession or to exercise control over property of the debtor. Under Defendants' argument, because insurance contracts are generally embraced within the statutory definition of estate "property," the stay should be extended.[3]

Defendants' argument fails. Initially, Defendants oversimplify the law respecting whether an insurance policy constitutes "property of the estate" subject to the automatic bankruptcy stay under 11 U.S.C. § 362(a)(3). While it is true that an insurance policy may constitute property of a debtor's estate, "a distinction should be drawn when considering treatment of *proceeds* arising under such policies." *In re First Cent. Financial Corp.*, 238 B.R. at 16 (emphasis added). The distinction between the policy and its proceeds is important because

---

[2] The ESOP was the purchaser and Defendants Copenhaver and Dietz were the sellers in the transaction. All individual Defendants were ERISA fiduciaries who acted in breach of their fiduciary duty.

[3] Defendants' Opposition papers contain only very vague allusions to the insurance policy. The Defendants have not submitted the policy and, indeed, fail even to set forth its relevant terms or demonstrate the Debtor's financial interest in the policy.

if the proceeds of the policy do not constitute estate property, there is no basis for extending the stay to any non-debtor. *See In re Youngstown Osteopathic Hosp. Ass'n*, 271 B.R. 544 (N.D. Ohio Bankr. 2002).

To determine whether insurance proceeds constitute property of the debtor's estate, "[t]he overriding question … is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on the claim." *In re MCSi, Inc.*, 371 B.R. 270, 274.[4] Here, Defendants have failed to show that there is any conceivable situation in which the *proceeds* of the insurance policy at issue would be paid to the debtor. And, indeed, there is no such circumstance. Because the debtor's estate has no interests in the *proceeds* of the insurance policy, there is therefore no basis to extend the stay to the non-debtor defendants in this case.

Even if the debtor-defendant in this case had some interest in the insurance policy proceeds, that interest alone would be insufficient to warrant extension of the stay to non-debtors absent exceptional circumstances. *See, e.g.*, *In re Uni-Marts*, 399 B.R. at 417. The Seventh Circuit case *In the Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731 also demonstrates this point. There, the Seventh Circuit allowed the continuation of an action against a *debtor* where the plaintiff sought "a declaration of liability with no monetary consequences for the debtor, as opposed to its insurer." *Id.* at 735. The Seventh Circuit explained that a debtor suffers no prejudice where a plaintiff seeks a declaration of liability as a predicate for recovery against an insurer, surety or guarantor.

---

[4] The importance of this distinction – between the policy itself and the *proceeds* of a policy – is often discussed in relation to D&O policies. Such policies are obtained for the protection of individual directors and officers. As the debtor has no right to the proceeds, the policy proceeds do not constitute property of the estate

7

### b. Extension Of The Stay Is Not Necessary To The Debtor's Reorganization

There is another reason that the Defendants' arguments for the extension of the stay to the non-debtors fails: Extension of the protection of the bankruptcy stay to non-debtors is only appropriate where such extension is necessary to the debtor's reorganization efforts. Put differently, the bankruptcy stay may only be extended upon a showing of exceptional circumstances. This is the rule established by the *Robins* case, upon which Defendants rely. A comparison of that case and the present circumstances is illuminating and demonstrates that there is simply no basis for extension of the stay to the non-debtor parties here.

The *Robins* case arose from the "avalanche of actions filed in various state and federal courts" regarding the Dalkon Shield intrauterine contraceptive device which was manufactured and marketed by Robins from early 1971 until 1974. *A.H. Robins*, 788 F.2d at 996. After more than 5,000 lawsuits were filed arising out of the continued sale and use of the device, Robins, sought protection from the avalanche of lawsuits under Chapter 11 of the Bankruptcy Code. Robin's Chapter 11 filing automatically stayed all of the actions against Robins itself. Since many of these actions also named other defendants, a large number of plaintiffs sought to proceed with their claims against the non-debtor co-defendants. Robins responded by filing an adversary proceeding against the plaintiffs seeking (1) declaratory relief adjudging that debtor's product liability policy with Aetna Casualty was an asset of the estate in which all Dalkon Shield plaintiffs and claimants had an interest, and (2) injunctive relief restraining the prosecution of the actions against its non-debtor co-defendants. After a hearing in which it heard testimony and received evidence, the Court granted the preliminary injunction finding that all remaining Aetna insurance coverage in favor of debtor was property of the Robins' estate, continuation of the litigation in the civil actions threatened the property of the Robins' estate, burdened and impeded

Robins' reorganization efforts and rendered any plan of reorganization futile. The Court then enjoined continuation of the civil actions against the non-debtor co-defendants. On appeal, the Fourth Circuit affirmed.

The Fourth Circuit concluded that the case was "involved and complex" and that the proceedings against non-debtors were appropriately stayed. The *Robins* case, it should be reiterated, arose from the unique circumstances of a debtor facing an "avalanche" of litigation regarding the Dalkon Shield device. The Fourth Circuit compared Robins's situation to the insolvency of Johns-Manville in the wake of the asbestos litigation avalanche. Both cases presented unique and exceptional circumstances where extension of the stay was necessary to protect creditors and essential to the debtor's reorganization efforts.

The Fourth Circuit itself has stressed, particularly in *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988), "that the *Robins* holding is quite limited in its application and that the automatic stay will not ordinarily be extended to the benefit of nondebtor parties." *In re Southside Lawn & Garden/Suffolk Yard Guard*, 115 B.R. 79, 80 (Bankr. E.D. Va. 1990). Thus, a party wishing to extend the scope of the bankruptcy stay must show that such relief is essential to the debtor's reorganization. "[A] debtor's stay may extend to a non-debtor only when necessary to protect the debtor's reorganization." *In re First Cent. Fin. Corp.*, 238 B.R. 9, 19 (E.D.N.Y. Bankr. 1999). This must be established by the debtor upon the evidence - "[i]n the absence of evidence which demonstrates any impact upon the debtor's reorganization effort, the stay cannot be extended to a solvent co-defendant". *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 34 (S.D.N.Y. Bankr. 1990).

Here, Defendants have completely failed to demonstrate exceptional circumstances warranting extension of the bankruptcy stay to non-debtor defendants. Defendants have

produced no evidence whatsoever that extension of the stay is necessary to the reorganization of the debtor. At most, Defendants have made vague and speculative assertions that this action might affect the debtor's reorganization. This is woefully insufficient. A theoretical effect on reorganization is not sufficient to obtain extension of the stay to a non-debtor; instead, the party seeking such extension must show that continuation of the action will likely have a material effect upon the debtor's reorganization efforts. *See, e.g.*, *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.NY. Bankr. 1999) ("the question is whether the action against the non-debtor is sufficiently likely to have a material effect upon … reorganization efforts"); *In re FPSDA I, LLC*, 2012 WL 6681794 (E.D.N.Y Bankr. Dec. 26, 2012) ("the party seeking extension of the stay must put forth real evidence demonstrating an actual impact upon, or threat to, the reorganization efforts if the stay is not extended.").[5]

Where exceptional circumstances have not been established by the debtor, courts have routinely refused to extend the bankruptcy stay to non-bankrupt entities per *Robins*. *See, e.g..*, *Credit Alliance Corp.*, 851 F.2d at 121 ("[t]here is nothing "unusual" about this guaranty agreement that would permit the guarantor … to invoke the statutory protection of § 362"); *In re Uni-Marts*, 399 B.R. 400, 417 (Del. Bankr. 2009) (declining to extend stay to protect officer of debtor where the reorganization was "small and relatively straightforward"); *In re All Seasons Resorts, Inc.*, 79 B.R. 901, 904 (C.D. Cal. Bankr. 1987); *In re McLean Trucking Co.*, 74 B.R. 820, 826 (W.D. N. Car. Bankr. 1987); *Doyle v. Fleetwood Homes of Virginia, Inc*., CIV.A. 2:08-1442, 2009 WL 1210697 (S.D.W. Va. Bankr. Apr. 30, 2009). The absence of exceptional

---

[5] The insufficiency of the showing made in Defendants' papers is clear when compared to the *Robins* case. There, the district court granted preliminary injunctive relief only after hearing testimony and receiving evidence. Here, Defendants have offered literally nothing to support their assertions.

10

circumstances is likewise determinative of the outcome here – the protection of the automatic stay should not be extended to the non-debtor defendants.

## CONCLUSION

Plaintiffs therefore respectfully request that this Court issue an Order Modifying the Stay so that Plaintiffs may proceed with all ERISA claims against the individual Defendants only.

RESPECTFULLY SUBMITTED this 6th day of January, 2014.

KELLER ROHRBACK L.L.P.

By: */s/ Gary D. Greenwald*
    Gary D. Greenwald
    Gary A. Gotto
    3101 North Central Avenue, Suite 1400
    Phoenix, Arizona 85012
    Telephone: (602) 248-0088
    Facsimile:  (602) 248-2822
    ggreenwald@kellerrohrback.com
    ggotto@kellerrohrback.com

GUIN STOKES & EVANS, L.L.C.
Charles R. Watkins
321 South Plymouth Court, Suite 1250
Chicago, Illinois 60604
Telephone: (312) 878-8391
charlesw@gseattorneys.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on **January 6, 2014**, the foregoing Reply Memorandum was filed in the CM/ECF system of this Court. Notice of this filing will be sent to all parties of record by operation of the Court's electronic system

By:   */s/ Gary D. Greenwald*