IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JOSEPH KOERNER and FRANK ZACHMAN,  Plaintiffs,  v.  JOHN L. COPENHAVER, et al.,  Defendants. | No. 12-cv-1091 |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' Motion to Modify Stay (d/e 46). For the reasons set forth below, the Motion is ALLOWED.

BACKGROUND

On October 28, 2013, Defendant Copenhaver, Inc., d/b/a W.M. Putnam Company (the Company), filed for protection under Chapter 11 of the Bankruptcy Code. Notice of Bankruptcy (d/e 44). Pursuant to Local Rule 16.1(D)(2), this Court stayed this proceeding and directed the parties to show cause why this case should not be dismissed on or before April 27, 2014. Text Order entered October 29, 2013.

The Plaintiffs now ask this Court to lift its stay and allow them to proceed against the other Defendants besides the Company. The Plaintiffs

correctly note that the Bankruptcy Code's statutory automatic stay that arises upon the filing of a bankruptcy does not extend to anyone other than the debtor in bankruptcy, in this case the Company.  11 U.S.C. § 362(a); Pitts v. Unarco Industries, Inc., 698 F.2d 313, 314 (7th Cir. 1983) (per curium).  Therefore, the Company's bankruptcy proceeding does not currently affect the Plaintiffs' ability to proceed against the other defendants in this case.  This Court's stay should comport with the automatic stay that exists in the Company's bankruptcy proceeding.  See Pitts, 698 F.2d at 314-15.  Therefore, this Court's stay is modified to stay only the Plaintiffs' claims against the Company.

The Defendants argue that the bankruptcy automatic stay should be modified to extend to the Plaintiffs' claims against the other defendants.  This Court believes that motions to modify the automatic bankruptcy stay should be made to the Bankruptcy Court.  The automatic stay was issued by operation of law in the Company's bankruptcy proceeding under the jurisdiction of the Bankruptcy Court.  11 U.S.C. § 362(a).  The Bankruptcy Court should determine whether the stay issued under its jurisdiction should be modified or extended.  The Bankruptcy Court also has all of the interested parties in the bankruptcy before it, and so, can better evaluate whether the facts and circumstances of the Company's bankruptcy warrant

a modification or extension of the automatic stay.  The Defendants should direct their request to the Bankruptcy Court to extend the Bankruptcy Court's automatic stay.

At this point, this Court will modify its stay to comport with the Bankruptcy Court's automatic stay as it currently exists.  Should the Bankruptcy Court modify or extend the automatic stay with respect to the claims or parties in this case, the parties shall notify this Court.  This Court will then determine whether any additional action may be appropriate.

WHEREFORE Plaintiffs' Motion to Modify Stay (d/e 46) is ALLOWED. The stay issued by this Court by Text Order entered October 29, 2013, is lifted with respect to all Defendants other than Defendant Copenhaver, Inc., d/b/a W.M. Putnam Company.  The parties, except for Defendant Copenhaver, Inc., d/b/a W.M. Putnam Company, are to meet and confer and tender supplemental deadlines for consideration to move this litigation forward by January 27, 2014.  As the undersigned is leaving the Federal Court on February 7, 2014, the undersigned is not available for any continued mediation of this matter.

ENTER:   January 13, 2014

*s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE